IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

JONATHAN WILLIAMS,           §
TDCJ-ID NO. 1186102,          §
                              §
            Petitioner,       §
                              §
v.                            §        CIVIL ACTION NO. H-08-3127
                              §
NATHANIEL QUARTERMAN,         §
Director, Texas Department of §
Criminal Justice, Correctional §
Institutions Division,        §
                              §
            Respondent.       §

## MEMORANDUM AND ORDER ON DISMISSAL

Petitioner Jonathan Williams, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody (Docket Entry No. 1) under 28 U.S.C. § 2254 challenging his state court felony conviction. On March 4, 2009, petitioner was ordered to show cause, if any, why this court should not dismiss the Application as time-barred under 28 U.S.C. § 2244(d). Petitioner has filed a Motion to Show Cause Why Application Should Not Be Time-Barred (Docket Entry No. 8). For the reasons explained below, the court will dismiss the petition pursuant to 28 U.S.C. § 2244(d) because it is barred by limitations.

## I. Procedural History

On August 25, 2003, petitioner was convicted in the 183rd Judicial District Court of Harris County, Texas, of the felony

offense of criminal negligent homicide. On April 12, 2005, petitioner's conviction was affirmed on direct appeal. <u>Williams v. State</u>, No. 14-03-01214-CR, 2005 WL 831713 (Tex. App. -- Houston [14th Dist.] 2005), <u>affirmed</u> (opinion not designated for publication). Petitioner filed a petition for discretionary review on August 12, 2005, which was stricken by the Texas Court of Criminal Appeals as non-compliant on September 28, 2005. Petitioner filed an application for a state writ of habeas corpus relief on May 20, 2008, which the Court of Criminal Appeals denied without written order on the findings of the trial court on May 28, 2008. <u>Ex parte Williams</u>, No. 35,669-04.[1]

Petitioner filed the pending habeas action in this court on October 17, 2008. The petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Petitioner seeks federal habeas relief on the following grounds:

1. He was subjected to double jeopardy;

2. His sentence exceeds the statutory maximum and is grossly disproportionate;

3. His conviction was based on factually insufficient evidence;

4. His trial counsel was ineffective;

---

[1] Petitioner's post-conviction history has been confirmed through the websites for the Fourteenth Court of Appeals and the Texas Court of Criminal Appeals.

5.    His plea of guilt was involuntary;

6.    The trial court failed to formally or legally
      admonish him;

7.    His constitutional right to a speedy trial was
      violated;

8.    His constitutional right to due process was
      violated;

9.    The trial court lacked jurisdiction to hear his
      case          because the indictment was invalid,
      and;

10.   He is actually innocent.

(Docket Entry No. 1)


## II.  <u>One-Year Statute of Limitations</u>

Under AEDPA habeas corpus petitions are subject to a one-year

limitations period found in 28 U.S.C. § 2244(d)(1)-(2), which

provides as follows:

(d)(1)A  1-year period of limitation shall apply to an
         application for a writ of habeas corpus by a
         person in custody pursuant to the judgment of
         a State court.  The limitation period shall
         run from the latest of --

    (A)  the date on which the judgment became final by
         the conclusion of direct review or the
         expiration of the time for seeking such
         review;

    (B)  the date on which the impediment to filing an
         application created by State action in
         violation of the Constitution or laws of the
         United States is removed, if the applicant was
         prevented from filing by such State action;

    (C)  the date on which the constitutional right
         asserted was initially recognized by the

-3-

> Supreme Court, if the right has been newly
> recognized by the Supreme Court and made
> retroactively applicable to cases on
> collateral review; or
>
> (D)   the date on which the factual predicate of the
>       claim or claims presented could have been
>       discovered through the exercise of due
>       diligence.
>
> (2)   The time during which a properly filed application
>       for State post-conviction or other collateral
>       review with respect to the pertinent judgment or
>       claim is pending shall not be counted toward any
>       period of limitation under this subsection.

The one-year limitations period became effective on April 24, 1996, and applies to all federal habeas corpus petitions filed on or after that date. Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)). Because Williams' petition was filed well after that date, the one-year limitations period applies to his claims. See Flanagan, 154 F.3d at 198.

Although the statute of limitations is an affirmative defense, courts are authorized to raise such defenses sua sponte in habeas actions. Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999). The court may therefore properly determine at the outset whether Williams' petition is timely.

Because Williams' petition for discretionary review was stricken by the Texas Court of Criminal Appeals as non-compliant, the Texas Court of Criminal Appeals did not adjudicate the merits of his claims. Accordingly, petitioner's conviction became final

-4-

for purposes of federal habeas corpus review thirty days after the appellate court's judgment was entered, on May 12, 2005, when the time for filing a petition for discretionary review expired.  28 U.S.C. § 2244(d)(1)(A); TEX. R. APP. PROC. 68.2(a).  That date triggered the one-year federal limitations period, which expired on June 13, 2006.

Tolling provisions, which may apply when a state habeas petition filed in accordance with a state's procedural requirements is pending, are not applicable in this case because petitioner filed his first state habeas petition on May 20, 2008, almost two years after the expiration of the federal limitations period.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (noting that the statute of limitations is not tolled by a state habeas corpus application filed after the expiration of the limitations period), cert. denied, 532 U.S. 963 (2001).

Petitioner has not alleged that he was subject to state action that impeded him from filing his petition in a timely manner.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which the petition is based; nor is there a factual predicate for the claims that could not have been discovered previously.  28 U.S.C. § 2244(d)(1)(C),(D).  Although petitioner is incarcerated and is proceeding without counsel, his ignorance of the law does not excuse his failure to timely file his petition.  Fisher v. Johnson, 174 F.3d 710, 714 (5th Cir. 1999).

Accordingly, the court finds that there is no basis for equitable tolling and that petitioner's federal petition is barred by the AEDPA's one-year limitation period.  This action will therefore be dismissed.

### III.  <u>Certificate of Appealability</u>

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Id.</u>; <u>Beasley v. Johnson</u>, 242 F.3d 248, 263 (5th Cir.), <u>cert. denied</u>, 534 U.S. 945 (2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  <u>Beasley</u>, 242 F.3d at 263 (quoting <u>Slack</u>, 529 U.S. at 484); <u>see also</u> <u>Hernandez v.</u>

Johnson, 213 F.3d 243, 248 (5th Cir.), cert. denied, 531 U.S. 966 (2000).  A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).  The court has determined that petitioner has not made a substantial showing that reasonable jurists would find the court's procedural ruling to be debatable.  Therefore, a certificate of appealability from this decision will not issue.

### IV.   Conclusion and Order

Accordingly, the court **ORDERS** the following:

1.   The Petition for a Writ of Habeas Corpus by a Person in State Custody under 28 U.S.C. § 2254 (Docket Entry No. 1) is **DISMISSED** because it is barred by limitations.

2.   A certificate of appealability is **DENIED**.

3.   The clerk will provide a copy of this Memorandum and Order on Dismissal and the Final Judgment to petitioner and to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this the 26th day of May, 2009.

SIM LAKE
UNITED STATES DISTRICT JUDGE

-7-